No. 89,995

In the Matter of KIEHL RATHBUN, *Respondent.*

69 P.3d 537

Opinion filed May 30, 2003.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and was on the formal complaints for petitioner.

*John J. Ambrosio,* of Topeka, argued the cause for respondent, and *Kiehl Rathbun,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Kiehl Rathbun of Wichita, an attorney licensed to practice law in Kansas. This action arose from several disciplinary complaints. A disciplinary panel of the Kansas Board for the Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2002 Kan. Ct. R. Annot. 260). Rathbun stipulated to many of the facts and some of the violations alleged and, at the hearing, admitted other violations. The hearing panel also found additional violations based upon the evidence presented.

The hearing panel concluded there was clear and convincing evidence Rathbun had violated Kansas Rules of Professional Conduct (KRPC) 1.3 (2002 Kan. Ct. R. Annot. 328) (diligence); KRPC 1.4 (2002 Kan. Ct. R. Annot. 340) (communication); KRPC 1.5 (2002 Kan. Ct. R. Annot. 352) (fees); KRPC 1.15 (2002 Kan. Ct. R. Annot. 384) (safekeeping property); KRPC 1.16 (2002 Kan. Ct. R. Annot. 395) (declining or terminating representation); KRPC 3.3 (2002 Kan. Ct. R. Annot. 411) (candor toward the tribunal); KRPC 3.4 (2002 Kan. Ct. R. Annot. 416) (fairness to opposing party and counsel); KRPC 3.5 (2002 Kan. Ct. R. Annot. 419) (impartiality and decorum of the tribunal); and KRPC 8.4 (2002 Kan. Ct. R. Annot. 449) (misconduct).

The hearing panel recommended that Rathbun's license to practice law be suspended for 1 year, but further recommended that, due to compelling mitigating circumstances, imposition of discipline should be suspended and Rathbun should be placed on su-

pervised probation for 3 years. Rathbun filed no exceptions to the hearing panel's report.

## Hearing Panel's Findings of Fact and Conclusions of Law

In summary, the hearing panel made the following findings of fact and conclusions of law.

### Cami Baker Complaint

After a divorce trial and subsequent hearing regarding a motion for reconsideration, the trial court ordered Rathbun to prepare a journal entry. Cami Baker, an attorney representing the other party, eventually filed a motion to compel Rathbun to prepare the journal entry. Rathbun brought a journal entry to the hearing on Baker's motion to compel. Baker did not believe the journal entry reflected the trial court's decision and she ordered a transcript and advised Rathbun of her objections. Despite Baker's objections, Rathbun filed the journal entry with the court and on Baker's signature line wrote "Rule 170." He did not provide Baker with a copy of the journal entry as submitted.

The hearing panel found that, during his testimony on this matter, Rathbun admitted to violations of KRPC 3.3, 3.4, and 8.4(d). KRPC 3.3(a)(1) provides: "A lawyer shall not knowingly make a false statement of material fact or law to a tribunal." 2002 Kan. Ct. R. Annot. 411. Rathbun violated this provision by submitting the journal entry without informing the court that Baker had objections to it and was ordering a transcript of the divorce trial. The same conduct violated KRPC 3.4(c), which provides that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal." 2002 Kan. Ct. R. Annot. 416. Further, when Rathbun wrote "Rule 170" on the journal entry, he violated KRPC 8.4(d) by engaging in conduct that was prejudicial to the administration of justice.

### Joseph Cassell Complaint

On January 19, 2000, Rathbun filed an ex parte petition for a restraining order on behalf of a client against the client's ex-husband, who was represented by Joseph Cassell. In the petition, Rathbun alleged that the ex-husband's therapist, Dr. Samuel Har-

rell, had advised him and his client that the ex-husband was "capable of dangerous conduct" toward Rathbun's client. The petition also alleged that, unless restrained, the ex-husband would "continue his previously established pattern of harassment." Based upon Rathbun's petition, the court issued a temporary restraining order.

Dr. Harrell testified that he was not the ex-husband's therapist; rather, his patient was Rathbun's client. Dr. Harrell denied having told Rathbun or his client that the ex-husband was capable of dangerous conduct toward Rathbun's client. Instead, his opinion was that any contact between Rathbun's client and her ex-husband would tend to upset her, cause her increasing anxiety and depression, and would not be in her best interests. Furthermore, there was no evidence of any "previously established pattern of harassment" as alleged in the petition.

The hearing panel found that Rathbun's conduct violated KRPC 3.3(a)(1) (false statement of material fact or law to a tribunal) because the petition for injunctive relief contained several false statements.

## Marilee Hubbard Complaint

In 1996, Rathbun agreed to represent Marilee Hubbard and filed a motion to increase child support on her behalf. Although the parties never reached an agreement, in 1997 Hubbard's ex-husband voluntarily increased the amount of child support he was paying. No order was ever prepared to reflect that change. In 1998, Rathbun filed a second motion to increase child support. After several continuances, the court heard the motion in November 1999. At that hearing, the court directed Rathbun to file a brief; he did not. In January 2000, Hubbard retained a new attorney who was successful in obtaining an increase in child support. Rathbun's failure to prosecute the 1996 child support motion caused Hubbard to lose child support in the amount of $7,153, plus interest. Rathbun's professional liability insurance carrier paid Hubbard's claim.

Based upon Rathbun's stipulation to a violation, the hearing panel found a violation of KRPC 1.3, which requires an attorney to act with reasonable diligence in representing a client. The panel

found Rathbun failed to provide diligent representation to Hubbard by failing to prosecute her motion to modify child support and by failing to file a brief on her behalf as ordered by the district court.

### Randy Ellison Complaint

In July 1999, Randy Ellison retained Rathbun to represent him in a post-divorce custody matter. Ellison and Rathbun did not enter into a written fee agreement. Ellison paid Rathbun $5,000, which he understood was an advance on the fee to be earned on an hourly basis. Rathbun treated the $5,000 as a flat minimum fee and placed it in his operating account. Rathbun filed a motion on behalf of Ellison to change residential custody, but the motion was denied. Shortly thereafter, Ellison's former spouse agreed to let the children live with Ellison. Rathbun prepared an appropriate order.

Ellison then attempted to contact Rathbun seeking an accounting regarding the time he had spent on the case and a refund of any unearned fee. Rathbun did not return Ellison's calls and did not respond to his request for an accounting for over a year. In March 2002, Rathbun prepared an accounting indicating he had earned $3,413.50; however, Rathbun still has not refunded any unearned fees to Ellison because he contends the $5,000 was a flat minimum fee, earned when paid.

The hearing panel found that, during his testimony on this matter, Rathbun admitted to violations of KRPC 1.4, 1.5(b), 1.15, and 1.16. By failing to return Ellison's phone calls, Rathbun violated KRPC 1.4(a), which provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." 2002 Kan. Ct. R. Annot. 340.

The other violations related to Rathbun's handling of the fee. KRPC 1.5(b) provides: "When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation." 2002 Kan. Ct. R. Annot. 352. The panel found Rathbun violated this provision by failing to adequately communicate the terms of the fee agreement

to Ellison. Further, Rathbun's placement of the fee in his operating account, rather than his trust account, violated KRPC 1.15(a), which requires a lawyer to hold a client's funds in a separate account. Additionally, Rathbun's failure to promptly render a full accounting as Ellison requested and his failure to refund the unearned fee violated KRPC 1.15(b). That provision states that "a lawyer shall promptly deliver to the client . . . any funds or other property that the client . . . is entitled to receive and, upon request by the client . . . shall promptly render a full accounting regarding such property." 2002 Kan. Ct. R. Annot. 384. Finally, Rathbun's failure to refund the unearned fee violated KRPC 1.16(d), which requires such a refund upon termination of representation.

### Marsha Healy Complaint

In April 1999, Rathbun agreed to represent Marsha Healy in a paternity action and to draft a will for her. Although he had all the information necessary to draft the will by July 1999, Rathbun did not prepare the will until 16 months later. Rathbun did not return Healy's numerous telephone calls about whether the will had been prepared.

In the meantime, Healy also consulted Rathbun about a mix-up in child support payments she received through the Kansas Payment Center. Healy had received several checks in improper amounts, but had returned the money to the Kansas Payment Center. Because of these errors, the payor filed a motion for return of the amounts improperly paid to Healy. Rathbun failed to appear at the November 2000 hearing on the motion, and the court was not informed that Healy had returned the money to the Kansas Payment Center. The court ordered Healy to reimburse the payor and also terminated the income withholding order against the payor. Although the district court trustee eventually sorted out the problem, Healy did not receive child support for a 5-month period. Rathbun claimed he was no longer Healy's attorney at the time of the November 2000 hearing, but he had never terminated his representation of Healy nor filed a motion to withdraw.

Based upon his stipulation to a violation, the hearing panel found that Rathbun had violated KRPC 1.3, which requires a lawyer to act with reasonable diligence and promptness, by failing to appear at the November 2000 hearing, by failing to take steps to remedy the mistakes made by the Kansas Payment Center, and by failing to draft Healy's will for 16 months. Further, the panel found that Rathbun violated KRPC 1.4 by failing to return Healy's telephone calls about the preparation of her will.

*Jennifer Haynes Complaint*

Jennifer Haynes hired Rathbun to represent her in child custody proceedings in Salina. Haynes paid Rathbun a flat fee of $5,000. Because the proceedings were in Salina, Rathbun suggested retaining local counsel and agreed to pay the fee of the Salina attorney out of the $5,000 flat fee. Rathbun then contacted Dan Diederich, who agreed to assist Rathbun in the matter. After Haynes' motion to modify child custody was denied, Rathbun informed her that Diederich would assume her representation but did not explain that any additional fees incurred would not be paid out of the $5,000 flat fee. When Diederich asked Haynes to pay for additional work he had done on her case, she contacted Rathbun, who assured her he would take care of it. Rathbun also told Diederich he had agreed to pay Diederich's fees and would review his invoices and contact Diederich within 2 weeks. Rathbun did not do so, nor did he return Haynes' telephone calls about the matter.

Haynes later authorized Rathbun to settle the attorney fees claim with Diederich on her behalf. Under the terms of the settlement offer, Rathbun was to pay the costs associated with the motion to modify child custody and Haynes would pay $400 of the remaining balance. Rathbun did not communicate this settlement offer to Diederich or pay the amount promised until after the disciplinary investigator questioned Rathbun about it.

Based upon his stipulation to a violation, the hearing panel found Rathbun had violated KRPC 1.3, which requires a lawyer to act with reasonable diligence and promptness, by failing to pay Diederich's fee pursuant to his agreement with Haynes and by failing to communicate the settlement offer for 3 and ½ months. Rathbun

also stipulated to a violation of KRPC 1.5, regarding attorney fees, by failing to adequately communicate to Haynes that any attorney fees incurred after the denial of the motion to modify custody would not be covered by the $5,000 flat fee.

### Honorable Rebecca Lindamood Complaint
### (Representation of C.G.)

The parents of C.G. retained Rathbun to represent their son in a juvenile offender matter. Although he was notified of the date and time of the hearing, Rathbun failed to appear at C.G.'s first appearance. The court rescheduled C.G.'s first appearance. Rathbun was informed of the date and time of the hearing. Shortly before the rescheduled hearing, Rathbun's son contacted the district court to inform the court that Rathbun would be late. Rathbun's son was asked to have Rathbun call the court himself, but Rathbun did not do so, nor did he appear at the hearing. The court again rescheduled the matter. Again, Rathbun was informed of the date and time of the hearing and was also informed that Judge Lindamood had directed the county attorney's office to prepare and file an order to show cause why Rathbun should not be held in indirect contempt. An assistant county attorney wrote Rathbun a letter communicating this information and asking Rathbun to contact her within 10 days. Rathbun did not do so. Rathbun attempted to locate someone to attend the hearing on his behalf but was unsuccessful. He did not appear at the hearing. At that point, C.G. and his mother, who had appeared at each scheduled hearing, terminated Rathbun's representation and asked that counsel be appointed for C.G.

Based upon his stipulation to a violation, the hearing panel found that Rathbun's failure to appear at the three scheduled hearings was a violation of KRPC 1.3, which requires an attorney to act with reasonable diligence and promptness.

### Honorable Rebecca Lindamood Complaint
### (Representation of M.D.)

Rathbun was hired to represent M.D. in a juvenile offender case. In a letter to the assistant county attorney, Rathbun stated that he

planned to present evidence and recommendations regarding M.D.'s placement. Rathbun indicated he would call to discuss the matter but did not. On November 15, 2000, Judge Lindamood conducted a dispositional hearing in M.D.'s case. When Rathbun arrived at the hearing a few minutes late he became upset and angry when he learned the judge was not going to consider placement. He mischaracterized his letter to the assistant county attorney and was undignified and discourteous to the court.

Based upon Rathbun's stipulation to a violation, the hearing panel found that Rathbun had violated KRPC 3.5(d), which provides: "A lawyer shall not engage in undignified or discourteous conduct degrading to a tribunal." 2002 Kan. Ct. R. Annot. 419-20. Based upon the evidence presented, the hearing panel also found that by mischaracterizing his letter to the assistant county attorney, Rathbun had violated KRPC 3.3(a)(1), which prohibits making a false statement of material fact or law to a tribunal.

### Patricia and Keith Phelan Complaint

Rathbun agreed to represent Keith Phelan in a DUI case, an administrative case involving Keith's driver's license, and a possible motion to revoke a diversion agreement. Keith's mother, Patricia Phelan, paid Rathbun a flat fee of $2,500 which Rathbun deposited in his operating account. Rathbun failed to inform Keith about the deadline for submitting his diversion application. He also failed to inquire of the court regarding the status of Keith's case and, as a result, neither he nor his client appeared at a hearing scheduled for the purpose of setting a trial. The court issued a warrant for Keith's arrest. When Patricia read in the newspaper that her son's diversion for minor in possession of alcohol had been revoked and that the case was set for trial, Keith called Rathbun's office, but Rathbun did not return his calls. Rathbun did not appear at trial and Keith represented himself. Rathbun claims he earned the $2,500 flat fee and has not refunded any of it to the Phelans.

Based upon his stipulation, the hearing panel found Rathbun had violated KRPC 1.4, by failing to inform Keith of the deadline for submitting his diversion application and by failing to keep him informed about the status of his case. The hearing panel also found

that during his testimony, Rathbun admitted to a violation of KRPC 1.15, regarding the safeguarding of a client's property, by depositing the unearned fee into his operating account rather than his trust account and by failing to return any portion of the fee even though he did little, if any, work for Keith.

*Hearing Panel's Recommendation Regarding Discipline*

In deciding what discipline to recommend, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). Applying Standard 3, the panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors. The hearing panel found that Rathbun knowingly violated his duty to his clients by failing to properly safeguard their property and by failing to provide diligent representation and adequate communication. The panel further found that Rathbun knowingly violated his duty to the legal system to refrain from providing false information to the court. The panel found that these violations resulted in actual and potential injury to Rathbun's clients.

Next, the hearing panel found that there were several aggravating factors. First, Rathbun has been informally admonished for his conduct in five previous cases. In 1979, Rathbun was informally admonished not to speak with represented parties without written consent. In 1996, he was informally admonished for having violated KRPC 1.1 (2002 Kan. Ct. R. Annot. 316) (competence); KRPC 1.5 (fees), and KRPC 1.15 (safekeeping property). In 1997, he was informally admonished for having violated KRPC 1.9 (2002 Kan. Ct. R. Annot. 370) (conflict of interest: former client). In 2000, he was informally admonished for having violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), and 8.4 (misconduct) in one case, and for having violated KRPC 1.5(d) in another case.

The hearing panel also found Rathbun's misconduct in the current complaints involved aspects similar to his misconduct in the previous cases. As such, the panel found Rathbun had engaged in a pattern of misconduct, a second aggravating factor. The multiple

offenses involved in the current complaints constituted a third aggravating factor. As a final aggravating factor, the hearing panel found Rathbun had been practicing law for approximately 24 years; therefore, he had substantial experience in the practice of law.

The hearing panel also noted several mitigating factors. The panel found Rathbun has had extensive personal and emotional problems and has obtained mental health treatment to address those problems. The panel also noted Rathbun's good reputation as an active and productive member of the Sedgwick County bar as evidenced by the letters of support written on his behalf. Finally, the panel found Rathbun sincerely regretted having engaged in misconduct.

Because of the pattern of misconduct within the current cases and the cases for which Rathbun was previously informally admonished, the hearing panel unanimously recommended that this court enter an order suspending Rathbun's license to practice law for a period of 1 year. Because of compelling mitigating circumstances, the hearing panel further unanimously recommended that this court suspend the imposition of the discipline and place Rathbun on supervised probation for a period of 3 years. In making this recommendation, the panel noted that witnesses offered by Rathbun had evidenced his good reputation of effective and capable representation in the areas of criminal and domestic law. Also, Rathbun had presented a detailed proposed plan of probation, the majority of which had been implemented before the hearing with the assistance of professionals committed to assisting Rathbun. The hearing panel recommended a specific plan of probation. At the oral argument before this court, the Deputy Disciplinary Administrator concurred with the recommendations of the hearing panel. Rathbun also asked this court to adopt the recommendations and indicated his willingness to restrict his practice to criminal cases.

### Analysis of the Panel's Findings, Conclusions, and Recommendation

To warrant a finding of misconduct, the charges must be established by clear and convincing evidence. Supreme Court Rule 211(f) (2002 Kan. Ct. R. Annot. 260). When a respondent does not

file exceptions to the hearing panel's report, the report is deemed admitted under Rule 212(c) and (d). (2002 Kan. Ct. R. Annot. 266). In this case, Rathbun filed no exceptions to the panel's report.

Clear and convincing evidence supports the hearing panel's findings, and we conclude that Rathbun violated KRPC 1.3, 1.4, 1.5, 1.15, 1.16, 3.3, 3.4, 3.5, and 8.4. Further, the hearing panel's conclusions of law regarding aggravating and mitigating factors are supported by the facts.

While a minority of the court would impose a harsher sanction, a majority of the court accepts the hearing panel's recommendation of probation and withholds imposition of other discipline.

IT IS THEREFORE ORDERED that imposition of discipline against respondent, Kiehl Rathbun, be suspended and that he be placed on probation for a period of 3 years on the following terms and conditions:

1. Rathbun's practice will be supervised by attorney Steve Wilson. Wilson shall inform the judges before whom Rathbun regularly practices of the probation and Wilson's duties related to the probation. The judges before whom Rathbun regularly practices should be requested to report to Wilson any matters of concern regarding Rathbun's practice, whether or not such matters constitute violations of the Kansas Rules of Professional Conduct. Rathbun shall allow Wilson access to his client files, calendar, and trust account records. Rathbun shall comply with any requests made by Wilson. During the first 2 years of the period of probation, Rathbun shall meet in person with Wilson weekly. Additionally, Wilson shall be available to Rathbun by telephone on additional occasions during the week. During the final year of the period of probation, Rathbun shall meet in person with Wilson monthly. Throughout the period of probation, Wilson shall prepare a quarterly report for the Disciplinary Administrator regarding Rathbun's status on probation. Wilson shall provide a copy of his quarterly report to Rathbun, to counsel for Rathbun, to L.J. Leatherman, and to the Disciplinary Administrator's office. Wilson shall be acting as an officer and as an agent of the court while supervising the probation and monitoring the legal practice of Rathbun. Wilson shall be afforded

all immunities granted by Supreme Court Rule 223 (2002 Kan. Ct. R. Annot. 299) during the course of his activities as directed by this order.

2. If he has not already done so, within 10 days, Rathbun shall provide to Wilson, Leatherman, and the Disciplinary Administrator's office written office procedures designed to facilitate orderly and timely attention to all matters in which Rathbun has undertaken representation or has been requested to undertake representation but has declined to do so. The procedures shall include client intake, refusal of cases, referral of cases, filing procedures, calendaring of deadlines and court appearances, and billing and collection procedures. Rathbun shall modify the procedures if directed to do so by Wilson, Leatherman, or the Disciplinary Administrator's office. Rathbun shall follow the written office procedures.

3. L.J. Leatherman shall conduct an audit of Rathbun's practice every 6 months to assure compliance with the office procedures. After each audit, Leatherman shall make a report regarding compliance with the office procedures. If Leatherman discovers any violations of the Rules of Professional Conduct, Leatherman shall include such information in his report. Leatherman shall provide a copy of the audit report to Rathbun, to counsel for Rathbun, to Wilson, and to the Disciplinary Administrator's office. Rathbun shall follow all recommendations and correct all deficiencies noted in Leatherman's periodic reports. Leatherman shall be acting as an officer and as an agent of the court while monitoring the legal practice of Rathbun. Leatherman shall be afforded all immunities granted by Supreme Court Rule 223 (2002 Kan. Ct. R. Annot. 299) during the course of his activities as directed by this order.

4. Rathbun will continue his treatment with Harold W. Vogt, Ph.D., throughout the period of supervised probation unless, in Dr. Vogt's opinion, continued treatment is no longer necessary. Throughout the period of probation, Dr. Vogt shall provide Rathbun and the Disciplinary Administrator's office with a quarterly progress report. The quarterly report shall include Rathbun's status of treatment, Rathbun's attendance, Rathbun's progress made in treatment, and Rathbun's long-term prognosis. Rathbun shall for-

ward a copy of the report to Wilson and to Leatherman. Dr. Vogt shall immediately notify the Disciplinary Administrator in the event that Rathbun discontinues treatment against the recommendation of Dr. Vogt during the probationary period. Rathbun shall provide Dr. Vogt with an appropriate release of information to allow Dr. Vogt to provide such information to Wilson, Leatherman, the qualified medical professional administering Rathbun's medication, and the Disciplinary Administrator's office.

5.   Rathbun is currently taking medication to reduce the effects of Attention Deficit Disorder. Rathbun shall continue to take the medication. Rathbun shall have regular contact with a qualified medical professional regarding his medication. Rathbun shall follow the qualified medical professional's recommendation regarding any medications prescribed. Rathbun shall inform the Disciplinary Administrator's office of the name of the qualified medical professional who is prescribing and monitoring the medication. Rathbun shall sign an appropriate release of information to allow the qualified medical professional to discuss matters relating to the medication with Dr. Vogt, Wilson, Leatherman, and the Disciplinary Administrator's office. In the event Rathbun discontinues treatment against medical advice, the qualified medical professional shall immediately report such circumstances to the Disciplinary Administrator's office.

6.   Rathbun shall not accept any case that he does not have the time, resources, or competence to handle. Rathbun's practice shall be limited to criminal matters. Criminal matters include federal and state felony, misdemeanor, and traffic cases. Additionally, Rathbun may handle matters related to criminal matters, including driver's license hearings and drug tax appeal cases. Rathbun may complete civil matters that were accepted prior to the imposition of discipline. Rathbun may accept referral fees for cases referred to other attorneys, including personal injury and workers compensation matters.

7.   Rathbun shall continue to cooperate with the Disciplinary Administrator. If the Disciplinary Administrator requests any additional information, Rathbun shall timely provide such information.

8.   Rathbun shall make a good faith effort to obtain professional liability insurance, with a minimum coverage of $1 million and a $10,000 deductible. Rathbun shall provide evidence of insurance or evidence of his good faith efforts to obtain insurance to Wilson, Leatherman, and the Disciplinary Administrator's office within 3 months. In the event Rathbun is initially unable to obtain professional liability insurance, every 3 months Rathbun shall provide Wilson, Leatherman, and the Disciplinary Administrator's office with evidence of his continued good faith efforts to obtain professional liability insurance.

9.   Rathbun shall not violate the terms of his probation or the provisions of the Kansas Rules of Professional Conduct. In the event that Rathbun violates any of the terms of probation or any of the provisions of the Kansas Rules of Professional Conduct at any time during the probationary period, Rathbun shall immediately report such violation to the Disciplinary Administrator.

IT IS FURTHER ORDERED that if Rathbun fails to abide by the conditions set out herein, a show cause order shall issue to Rathbun, and this court shall take whatever disciplinary actions it deems just and proper, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that costs herein be assessed to Rathbun.

ABBOTT, J., not participating.

LARSON, S.J., assigned■