No. 94,804

In the Matter of KIEHL RATHBUN, *Respondent*.

(124 P.3d 1)

Opinion filed December 9, 2005.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

*John J. Ambrosio*, of Topeka, argued the cause for respondent, and *Kiehl Rathbun*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent Kiehl Rathbun, of Wichita, an attorney admitted to practice law in Kansas.

This action arose from several disciplinary complaints which alleged that Rathbun violated Kansas Rules of Professional Conduct (KRPC) 1.3 (2004 Kan. Ct. R. Annot. 354) (diligence); KRPC 1.4 (2004 Kan. Ct. R. Annot. 367) (communication); KRPC 1.15 (2004 Kan. Ct. R. Annot. 414) (safekeeping property); KRPC 3.1 (2004 Kan. Ct. R. Annot. 438) (meritorious claims and contentions); and Supreme Court Rule 207(b) (2004 Kan. Ct. R. Annot. 261) (assist the Disciplinary Administrator in investigation of complaints). In response to the complaints, Rathbun admitted to the alleged facts and stipulated to the alleged violations.

*Hearing Panel's Findings of Fact and Conclusions of Law*

A disciplinary panel of the Kansas Board for Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2004 Kan. Ct. R. Annot. 275). In summary, the hearing panel made the following findings of fact and conclusions of law.

## DA8044

On August 31, 2000, one of Rathbun's clients filed a complaint with the Disciplinary Administrator's office relating to Rathbun's handling of a post-divorce matter. Rathbun did not file a written response to the complaint until June 2002.

The disciplinary complaint alleged that Rathbun violated Rule 207 (2004 Kan. Ct. R. Annot. 261) which requires each member of the bar to aid in investigations concerning complaints of misconduct. The hearing panel found a violation based upon Rathbun's failure to timely provide a written response to the initial complaint.

## DA8482

Rathbun was retained to represent Shannon Moeller who had escaped from custody in Kansas and been apprehended in Florida. Specifically, Rathbun was retained to (1) represent Moeller before prison disciplinary authorities, (2) attempt to prevent the filing of federal charges for interstate flight, (3) review the underlying conviction and sentence to determine if the conviction could be set aside or if Moeller was eligible for resentencing, and (4) represent Moeller in district court if he was charged with escape.

On April 27, 2001, Rathbun learned that Moeller had been returned to Kansas and was in custody at the El Dorado Correctional Facility. Rathbun did not notify the facility that he was representing Moeller until May 18, 2001, when he sent a letter to prison officials. Moeller's disciplinary hearing had already been conducted on May 14, 2001, after having been continued on one occasion at Moeller's request. On June 7, 2001, prison authorities served Moeller with a copy of the final disposition of the disciplinary proceeding and Moeller sent a letter to Rathbun advising him of that fact. Rathbun received the letter on June 19, 2001, but took no action until September 17, 2001, when he filed an unverified writ of habeas corpus in the District Court of Butler County, Kansas. Under K.S.A. 2004 Supp. 60-1501, Moeller had 30 days from the final disposition in which to challenge the disciplinary action. Rathbun's filing was approximately 70 days late.

The disciplinary complaint against Rathbun alleged a violation of KRPC 1.3 which requires attorneys to act with reasonable diligence and promptness in representing clients. The hearing panel found that Rathbun violated this requirement when he failed to timely notify the El Dorado Correctional Facility that he represented the inmate and when he failed to timely file the writ of habeas corpus.

## DA8559

In 2000, Judy Rizo contacted Rathbun about representing her in a medical malpractice case. On October 31, 2000, Rathbun filed a request for a medical malpractice screening panel but subsequently took no action to designate a member of the panel. On October 3, 2001, opposing counsel filed a motion to dismiss and on October 15, 2001, the court dismissed the medical malpractice screening review panel.

Rathbun failed to inform Ms. Rizo of the dismissal. In January and February, 2002, Ms. Rizo called Rathbun to check on the status of her case. Rathbun failed to respond to Ms. Rizo's calls. In April 2002, Rathbun provided Ms. Rizo with her file. At that time, Ms. Rizo first learned that the medical malpractice screening panel had been dismissed because Rathbun failed to appoint a member of the panel.

The disciplinary complaint alleged and the hearing panel concluded that Rathbun violated KRPC 1.3 regarding diligence and promptness when he failed to designate a member of the medical review panel and also violated KRPC 1.4 (a), which provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." 2004 Kan. Ct. R. Annot. 367.

## DA8603

During the pendency of a divorce action, Rathbun's client gave mail addressed to the client's spouse to Rathbun. Rathbun did not notify opposing counsel that he had the mail, nor did he forward the mail to opposing counsel until more than 2 years later.

The disciplinary complaint alleged a violation of KRPC 1.15(b), which provides:

"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property." 2004 Kan. Ct. R. Annot. 414.

The hearing panel concluded the estranged spouse of Rathbun's client had an interest in receiving the mail and that Rathbun violated KRPC 1.15(b) by retaining the mail for more than 2 years.

## DA8696

Rathbun represented a plaintiff in a limited civil action filed against the City of Wichita. On January 28, 2002, the court dismissed the action for lack of prosecution. Thereafter, Rathbun filed a motion to set aside the dismissal. On April 12, 2002, the court granted Rathbun's motion and reinstated the case. On August 27, 2002, the court dismissed the case for a second time due to Rathbun's lack of prosecution. Rathbun filed another motion seeking to have the court set aside the dismissal and on October 1, 2002, the court entered judgment.

The hearing panel concluded that Rathbun's lack of diligence and promptness was a violation of KRPC 1.3.

## DA8811

The disciplinary panel made the following findings of fact regarding this complaint:

"33. The Respondent represented Benjamin F. DuBose. At the time, Mr. DuBose was 48 years old. Mr. DuBose was involved with a 15 year old girl, B.S. As a result of his relationship with B.S., Mr. DuBose was charged in a criminal case with indecent liberties with a child, sodomy, and aggravated sodomy.

"34. The Respondent defended the charges by alleging that Mr. DuBose and B.S. formed a common law marriage prior to the dates of the alleged criminal offenses.

"35. In order to establish the existence of the common law marriage, the Respondent filed an action in Reno County, Kansas, on behalf of Mr. DuBose requesting separate maintenance. In the petition, the Respondent alleged that Mr.

DuBose and B.S. had a common law marriage, were incompatible, and Mr. DuBose was entitled to a decree of separate maintenance as a matter of law. The petition was signed and verified by Mr. DuBose and the Respondent's name and address appears on the petition above the caption.

"36. The Respondent filed the separate maintenance action in Reno County so that B.S.'s family and others in Sedgwick County would not discover the existence of the suit.

"37. Despite the statement in the petition for separate maintenance, during testimony provided in conjunction with the criminal trial, Mr. DuBose testified under oath that he and B.S. were not incompatible.

"38. The Court conducted a hearing on the petition for separate maintenance. The Respondent appeared on behalf of Mr. DuBose. B.S. appeared in person. B.S.'s attorney, James Craig, did not appear with B.S. at the hearing. The Respondent transported B.S. from Wichita to the Reno County Courthouse for the hearing.

"39. On September 26, 2001, the Court issued a memorandum opinion and found as follows:

'11. [B.S.] testified that she and [Mr. DuBose] entered into a common law marriage in December, 2000. She said that "we considered ourselves married as of the first week in December, 2000." This sixteen-year-old child further stated: "I'm here because I want to be — I was old enough in December, 2000, to make up my mind to be married. I will be emancipated if this decree is granted. I love [Mr. DuBose]. We held ourselves out to be Mr. and Mrs." Considering her date of birth, 5-24-85, [B.S.] was barely 15 years old around the first week in December, 2000. The only holding out to the public of the marital relationship appears to have been that the two employees at [Mr. DuBose]'s shop responded to [B.S.]'s phone calls announcing that the caller was [Mr. DuBose]'s wife. [B.S.]'s mother was, and apparently still is, very much against [B.S.]'s relationship with this 48 year old man. None of the family of [B.S.] testified at this hearing. [Mr. DuBose] gave [B.S.] a ring. Throughout the hearing [B.S.] was asked very leading and conclusory-oriented questions. It appeared [B.S.] had been coached. As stated aforesaid, [Mr. DuBose] was charged with aggravated indecent liberties with a child, [B.S.], for sexual acts allegedly occurring between January 10, 2001, and March, 2001. Both parties had the capacity in December, 2000, to be married.

'12. From all of the above, and the fact that this Court has the duty to judge the credibility of the witnesses, and to render justice in all matters before it, it is the finding of the Court that [Mr. DuBose] has failed to prove the existence of a common law marriage. It appears to the Court to be a ruse to establish a defense in the pending criminal actions against him involving this very child. This Court will not be a party to such activity.' "

Considering these findings by the trial court, the disciplinary panel concluded that the petition for separate maintenance filed

by Rathbun was frivolous and a violation of KRPC 3.1, which provides:

"A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." 2004 Kan. Ct. R. Annot. 438.

*Hearing Panel's Recommendation Regarding Discipline*

In deciding what discipline to recommend, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). Applying Standard 3, the panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors.

The hearing panel found that Rathbun negligently and knowingly violated his duty to: (1) his clients by failing to provide diligent representation and reasonable communication; (2) the public by failing to safeguard the property of a third person; and (3) the legal system by abusing the system. The panel further found that these violations caused actual and potential injury.

Next, the hearing panel found that there were several aggravating factors. First, the panel considered the six prior instances in which discipline had been imposed upon Rathbun. In 1979, Rathbun was informally admonished not to speak with represented parties without written consent. In 1996, he was informally admonished for having violated KRPC 1.1 (2004 Kan. Ct. R. Annot. 342) (competence); KRPC 1.5 (2004 Kan. Ct. R. Annot. 380) (fees); and KRPC 1.15 (2004 Kan. Ct. R. Annot. 414) (safekeeping property). In 1997, he was informally admonished for having violated KRPC 1.9 (2004 Kan. Ct. R. Annot. 400) (conflict of interest: former client). In 2000, he was informally admonished for having violated KRPC 1.1 (competence); KRPC 1.3 (diligence); KRPC 1.4 (communication); and KRPC 8.4 (2004 Kan. Ct. R. Annot. 485) (misconduct). Also in 2000, he was informally admonished for having violated KRPC 1.5(d) (fees) in another case. Most recently, on May 30, 2003, this court placed Rathbun on probation for 3 years for having violated KRPC 1.3 (diligence); KRPC 1.4 (communication);

KRPC 1.5 (fees); KRPC 1.15 (safekeeping property); KRPC 1.16 (2004 Kan. Ct. R. Annot. 426) (declining or terminating representation); KRPC 3.3 (2004 Kan. Ct. R. Annot. 444) (candor toward the tribunal); KRPC 3.4 (2004 Kan. Ct. R. Annot. 449) (fairness to opposing party and counsel); KRPC 3.5 (2004 Kan. Ct. R. Annot. 453) (impartiality and decorum of the tribunal); and KRPC 8.4 (2004 Kan. Ct. R. Annot. 485) (misconduct), in a total of eight disciplinary cases. *In re Rathbun*, 275 Kan. 920, 69 P.3d 537 (2003).

As an additional aggravating factor, the hearing panel found Rathbun had engaged in a pattern of misconduct. The panel noted the conduct in the current complaints involved aspects similar to his misconduct in the previous cases. The multiple offenses involved in the current complaints constituted a third aggravating factor. As a final aggravating factor, the hearing panel found Rathbun had been practicing law for more than 24 years at the time of the conduct; therefore, he had substantial experience in the practice of law.

The hearing panel also noted several mitigating factors. First, the panel found that dishonesty and selfishness were not motivating factors in this case. Second, the panel noted that Rathbun has had extensive personal and emotional problems and has obtained mental health treatment to address those problems. Third, the panel found that Rathbun expressed "genuine remorse." Fourth, although most of the previous cases were similar in time and circumstance, the discipline imposed in 1979 was observed to be remote in time and in character.

Most significantly, the panel noted that the underlying misconduct occurred between 1999 and 2002. The panel stated: "The delay in the disciplinary proceedings appears to be attributed to the disciplinary investigations." The panel further concluded:

"Because the underlying misconduct in the instant cases occurred prior to when the Respondent was placed on probation by the Kansas Supreme Court, the Deputy Disciplinary Administrator recommended that the Respondent's probation be extended for an additional year, to May 30, 2007. Counsel for the Respondent likewise recommended that the Respondent's probation be extended.

"The Hearing Panel heard the testimony of the attorneys charged with supervising the Respondent's practice. Additionally, the Hearing Panel heard the testimony of the Respondent regarding his progress made during the last two years.

The Hearing Panel is impressed with the Respondent's progress made during the past two years. The probation seems to be working.

"Because the Respondent has made significant progress during the past two years on probation, the Hearing Panel accepts the recommendation of the Deputy Disciplinary Administrator and counsel for the Respondent. The Hearing Panel unanimously recommends that the Respondent's probation be extended until May 30, 2007, subject to the same terms and conditions. . . .

"Finally, the Hearing Panel brings to the Respondent's attention, the provisions of Kan. Sup. Ct. R. 211(g), which provide for an expedited hearing in the event the Respondent violates any terms or conditions of probation. While the Respondent has made significant progress during the past two years on probation, it would be in the Respondent's best interests to read and understand the provisions of the newly adopted probation rule."

## Analysis of the Panel's Findings, Conclusions, and Recommendation

To warrant a finding of misconduct, the charges must be established by clear and convincing evidence. Supreme Court Rule 211(f) (2004 Kan. Ct. R. Annot. 275). When a respondent does not file exceptions to the hearing panel's report, the report is deemed admitted under Rule 212(c) and (d) (2004 Kan. Ct. R. Annot. 285). In this case, Rathbun filed no exceptions to the panel's report.

We conclude there is clear and convincing evidence that Rathbun violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 3.1, and Supreme Court Rule 207(b). Further, we agree with and adopt the hearing panel's conclusions of law.

A majority of the court accepts the hearing panel's recommendation of extending probation.

IT IS THEREFORE ORDERED that imposition of other discipline against the respondent, Kiehl Rathbun, be suspended and that his probation be extended 1 year until May 30, 2007, subject to the same terms and conditions as imposed by this court on May 30, 2003, and to the following additional terms and conditions:

1. Rathbun is directed to return Mr. Moeller's entire file to Mr. Moeller within 30 days.
2. Rathbun is directed to be available at the request of the Disciplinary Administrator's office to assist with presenting ethics programs outside of the Wichita area two times before May

30, 2006, and two times between May 31, 2006, and May 30, 2007.

3. After receiving an affidavit from Rathbun or upon receiving any other creditable evidence that Rathbun has violated one or more probation conditions, the Disciplinary Administrator may proceed as provided in Kansas Supreme Court Rule 211(g)(9) (2004 Kan. Ct. R. Annot. 275).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that costs herein be assessed to the Respondent.

LOCKETT, J., Retired, assigned.