No. 98,608

In the Matter of KIEHL RATHBUN, *Respondent*.

(169 P.3d 329)

Opinion filed October 26, 2007.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*John J. Ambrosio*, of Topeka, argued the cause for the respondent.

No appearance by the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator against respondent, Kiehl Rathbun, of Wichita, an attorney admitted to the practice of law in Kansas on September 12, 1975. This action arose from two disciplinary complaints. A hearing panel of the Kansas Board for the Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2006 Kan. Ct. R. Annot. 284).

The hearing panel concluded that Rathbun violated Kansas Rules of Professional Conduct (KRPC) as follows: KRPC 1.1 (2006 Kan. Ct. R. Annot. 358) (competence); KRPC 1.3 (2006 Kan. Ct. R. Annot. 371) (diligence); KRPC 1.4 (2006 Kan. Ct. R. Annot. 386) (communication); KRPC 1.5 (2006 Kan. Ct. R. Annot. 401) (fees); KRPC 1.16 (2006 Kan. Ct. R. Annot. 448) (declining or terminating representation); KRPC 3.3(d) (2006 Kan. Ct. R. Annot. 467) (candor toward the tribunal); and KRPC 8.4(d) (2006 Kan. Ct. R. Annot. 510) (misconduct). Additionally, Rathbun was held to have violated Kansas Supreme Court Rule 211(b) (formal hearings). The hearing panel unanimously recommended that Rathbun be indefinitely suspended from the practice of law in the state of Kansas. Rathbun did not file exceptions to the final hearing report.

### Hearing Panel's Findings of Fact

The hearing panel, based upon clear and convincing evidence, made findings of fact. Highly summarized, the final hearing report

contained the following findings of fact regarding the two complaints against Rathbun.

The first complaint arose from Rathbun's representation of a party in postdivorce proceedings. Rathbun filed a motion to modify child support. At a hearing on June 18, 2002, the court sustained Rathbun's motion and directed Rathbun to prepare the journal entry. Rathbun failed to timely do so; it was not until March 2003—8 months after the hearing—that Rathbun prepared the journal entry.

Simultaneous with the issues regarding support, motions were also pending regarding visitation. The court appointed a case manager who, on June 10, 2002, completed a plan for visitation. The plan included a provision that Rathbun's client—the children's father who lived in Kansas City—would pick up the children in Wichita on Friday, June 14, 2002, and return them on Sunday, June 16, 2002. On Friday, June 14, 2002, in an ex parte contact, Rathbun told the judge the mother was denying the father visitation. As a result, the judge signed an ex parte order that changed the visitation from Friday through Sunday to Saturday through Monday at 8 a.m. and required the mother to pick up the children in Kansas City.

Rathbun's client had received the case manager's visitation plan prior to the ex parte contact. Rathbun, however, did not inform the judge that the case manager's plan required his client to pick up and return the children to Wichita or that his client had been required to do the driving to and from visitation in the past.

As a result of the ex parte order, the children's mother traveled to Kansas City on Sunday and spent the night in a hotel so she could pick up her children at 8 a.m. Monday morning. Because of the travel to Kansas City, the mother missed a day of work. The attorney representing the mother filed a motion seeking reimbursement of the mother's expenses for travel, lodging, gasoline, and attorney fees and requiring Rathbun to compensate the case manager.

On June 25, 2002, a different judge imposed sanctions that were personally paid by Rathbun.

The second complaint arose from Rathbun's representation of a client in a criminal proceeding. Rathbun prepared an engagement letter which detailed the terms of the representation and the fee. According to the engagement letter, the fee was "earned on receipt" and was "not refundable." Although an executed copy of the agreement was not an exhibit in the disciplinary proceeding, Rathbun testified during the final hearing that the engagement letter reflected the agreement of the parties and that he believed that he and his client signed the letter of engagement.

On the morning scheduled for the jury trial, Rathbun waived his client's right to a jury and the case was tried to the court. During the trial, Rathbun, who had not interviewed any of the eyewitnesses, did not call any witnesses and advised his client not to testify. The client followed the advice. As a result, no factual defense was asserted.

Following the trial, the court directed the parties to brief a legal issue and submit written closing arguments. The prosecutor submitted a brief and closing argument. Rathbun, however, did not. On August 17, 2005, the court issued its decision in which it stated that the facts were not disputed. Rathbun's client was convicted.

Before the sentencing hearing, Rathbun did not research his client's criminal history or advise his client regarding the impact of previous convictions on the possible sentence or that the presumptive sentence was a term of imprisonment. Rathbun's client served 14 months in prison.

Immediately following the sentencing hearing, Rathbun filed a notice of appeal but told his client he thought he should withdraw because the court did not look favorably on the respondent. Rathbun, however, never withdrew from the case nor took any further action.

Additionally, at one hearing, a court services officer presented a warrant for the arrest of Rathbun's client. Rathbun became enraged and called the court services officer a "bitch."

Complaints arising from these actions led to the Disciplinary Administrator filing a formal complaint in the instant case. Rathbun failed to file an answer to the formal complaint within 20 days, as

required by Supreme Court Rule 211(b). His answer was filed just 6 days before the hearing was held on the formal complaint.

## Hearing Panel's Conclusions of Law

Based upon these facts, the hearing panel made several conclusions of law. First, the hearing panel noted: "Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' " The hearing panel concluded that Rathbun failed to be thorough and prepared and thereby failed to competently represent his client in the criminal case when he failed to interview witnesses to the crime. Accordingly, the hearing panel concluded Rathbun violated KRPC 1.1.

Second, the hearing panel noted: "Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3." The hearing panel concluded Rathbun violated this provision when he failed to prepare a journal entry for a period of 8 months. Additionally, Rathbun failed to provide diligent representation in the criminal proceeding when he failed to file a letter brief and closing argument and failed to properly research his client's criminal history.

Third, the hearing panel cited KRPC 1.4(b), which provides that a "lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." The hearing panel concluded that Rathbun violated KRPC 1.4(b) when he failed to properly explain the effects of his client's criminal history.

Fourth, the hearing panel noted that a lawyer's fee must be reasonable. KRPC 1.5(a). The hearing panel concluded it is unreasonable for a lawyer to charge a fee that is nonrefundable and, therefore, Rathbun violated KRPC 1.5(a).

Fifth, the hearing panel quoted KRPC 1.16(d), which provides:

"Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance

payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

The hearing panel concluded that Rathbun violated this provision by failing to take any steps to protect his client's interest in the appeal after the criminal conviction.

Sixth, the hearing panel concluded that Rathbun violated KRPC 3.3(a)(1), which provides that a "lawyer shall not knowingly make a false statement of material fact or law to a tribunal." The hearing panel concluded that Rathbun violated this provision when he knew the case manager in the postdivorce proceedings had developed a visitation plan and, without informing the court of the plan, sought and received an ex parte order that directly conflicted with the plan.

Seventh, the hearing panel found that when Rathbun became belligerent and called the court services officer a "bitch" he violated KRPC 8.4(d), which states: "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

Finally, the hearing panel noted that the Supreme Court Rules require attorneys to file answers to formal complaints. Supreme Court Rule 211(b) states: "The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel." 2006 Kan. Ct. R. Annot. 285. The hearing panel concluded that Rathbun violated Supreme Court Rule 211(b) by failing to file a timely written answer to the formal complaint.

In deciding what discipline to recommend, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). Applying Standard 3, the hearing panel considered the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide competent and diligent representation and adequate communication. Additionally, the Respondent violated his duty to the legal profession to maintain his per-

sonal integrity. Finally, the Respondent violated his duty to the legal system to refrain from interfering with the administration of justice.

"*Mental State*. The Respondent knowingly violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been informally admonished for having engaged in misconduct in five previous cases. First, on July 10, 1979, the Respondent was informally admonished for having spoken with represented parties without written consent of their counsel, W1395. On December 5, 1996, in A6641, the Respondent was informally admonished for having violated KRPC 1.1, KRPC 1.5, and KRPC 1.15. On June 17, 1997, the Respondent was informally admonished for violating KRPC 1.9, A6809. On July 18, 2000, the Respondent was informally admonished in two separate cases. In A7100, the Respondent was informally admonished for having violated KRPC 1.1, KRPC 1.3, KRPC 1.4, and KRPC 8.4 and in A7519, the Respondent was informally admonished for having violated KRPC 1.5(d).

"Additionally, on May 30, 2003, the Kansas Supreme Court placed the Respondent on probation for three years for having violated KRPC 1.3, KRPC 1.4, KRPC 1.5, KRPC 1.15, KRPC 1.16, KRPC 3.3, KRPC 3.4, KRPC 3.5, and KRPC 8.4, in a total of eight disciplinary cases.

"Finally, on December 9, 2005, the Kansas Supreme Court extended the Respondent's probation for one year for having violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 3.1, and Kan. Sup. Ct. R. 207(b), in a total of six disciplinary cases. The Respondent's probation is set to terminate on May 30, 2007.

"A Pattern of Misconduct. Included in this case are two complaints. The complaints involve similar misconduct. Additionally, the Respondent has previously been disciplined on a number of occasions. Some of the previous cases have included violations of the rules violated in this case. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16, KRPC 3.3(d), KRPC 8.4(d), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1975. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for more than thirty years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommen-

dation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Personal or Emotional Problems. The Respondent has had extensive personal and emotional problems in his life. The Respondent has engaged in mental health treatment to address his personal and emotional problems.

"Remoteness of Prior Offenses. The discipline imposed in 1979 is remote in time and in character to the misconduct in this case. The other cases are similar in time and circumstances, however.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.' Standard 8.2."

The Deputy Disciplinary Administrator recommended that Rathbun be informally admonished for his conduct in his representation of his client in the postdivorce proceedings. This recommendation was made, in part, because the misconduct occurred prior to Rathbun being placed on probation. Additionally, the Deputy Disciplinary Administrator recommended that Rathbun be suspended for an indefinite period of time for his conduct in representing the criminal defendant because the misconduct in that case occurred in 2004 and 2005 while Rathbun was on probation.

The hearing panel concluded that Rathbun's license to practice law should be indefinitely suspended. The hearing panel noted that Rathbun has had the benefit of probation for a number of years and, yet, he continues to violate the Kansas Rules of Professional Conduct. The hearing panel concluded that Rathbun's plan of probation is insufficient to resolve the problems and, therefore, should not be extended for a longer period of time.

## Analysis ·

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evi-

dence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284). When a respondent does not file exceptions to the hearing panel's report, the report is deemed admitted under Supreme Court Rule 212(c) and (d) (2006 Kan. Ct. R. Annot. 295). In this case, Rathbun filed no exceptions to the hearing panel's report.

We conclude there is clear and convincing evidence that Rathbun violated KRPC 1.1, 1.3, 1.4, 1.5, 1.16, 3.3(d), 8.4(d) as well as Supreme Court Rule 211(b), and we adopt the conclusions of the hearing panel.

Further, Rathbun, having been notified of these proceedings, failed to appear before this court. This failure to appear constitutes a violation of Supreme Court Rule 212(d).

With respect to the discipline to be imposed, the hearing panel's unanimous recommendation that Rathbun be indefinitely suspended from the practice of law in the state of Kansas is advisory only. The court may impose discipline greater or lesser than that recommended by the hearing panel or the Disciplinary Administrator. Supreme Court Rule 212(f).

The hearing panel based its recommendation upon ABA Standard 8.2, relating to discipline imposed after a respondent has previously been disciplined. Standard 8.2 provides for suspension from the practice of law. Related Standard 8.1 provides:

"Disbarment is generally appropriate when a lawyer:
(a) Intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or
(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession."

Potentially, Standard 8.1 applies in this case because in *In re Rathbun*, 275 Kan. 920, 69 P.3d 537 (2003), this court suspended Rathbun from the practice of law and then suspended that punishment and placed Rathbun on probation. The order prohibited Rathbun from violating any provisions of the Kansas Rules of Professional Conduct. The same term was imposed when Rathbun's probation was extended in *In re Rathbun*, 280 Kan. 672, 124 P.3d

1 (2005). In addition, Standard 8.1 relates to situations in which there has been a knowing violation of the previous disciplinary order and resulting injury. Although not specifically addressing Standard 8.1, the hearing panel found that Rathbun's violations were knowingly made and that actual injury resulted. Hence, the hearing panel made the findings suggested by Standard 8.1. See *In re Comfort*, 284 Kan. 183, 207, 159 P.3d 1011 (2007) (every potentially applicable ABA Standard need not be discussed by hearing panel or court; ABA Standards serve only as guidelines to assist courts in selecting appropriate and uniform discipline).

In our consideration of whether to order suspension or disbarment, we note that subsequent to the hearing panel's recommendation Rathbun has committed a new violation by failing to appear before the court as required by Supreme Court Rule 212(d). While every such violation does not result in an escalation of the severity of punishment, in this case the violation reflects a pattern of misconduct that spans a decade, involves 21 separate cases, and occurs while the respondent is already on probation. Repeated attempts at probation and rehabilitation have failed.

We conclude that the appropriate discipline is disbarment.

IT IS THEREFORE ORDERED that the respondent, Kiehl Rathbun, be and he is hereby disbarred from the practice of law in the state of Kansas in accordance with Supreme Court Rule 203(a)(1) (2006 Kan. Ct. R. Annot. 243) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Kiehl Rathbun from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that Kiehl Rathbun comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to respondent.

DAVIS and NUSS, JJ., not participating.

GREENE, J., assigned